KARYN H. BUCUR
Attorney at Law
State Bar No. 158608
24881 Alicia Parkway, #E-193
Laguna Hills, California 92653
Tel: (949) 472-1092
Email:  khbucur@cox.net

 Attorney for Defendant
MR. LEONARD BERNOT

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>                v.<br><br>LEONARD BERNOT<br>                        Defendant. | CASE NO.  2:08-CR-093-KJM<br><br>DEFENDANT LEONARD BERNOT'S NOTICE OF MOTION AND MOTION FOR BAIL PENDING APPEAL AND MEMORANDUM IN SUPPORT; DECLARATION OF KARYN H. BUCUR<br><br>DATE:  March 18, 2015<br>TIME:   9:00 a.m.<br>JUDGE: Hon. Kimberly J. Mueller |

TO PLAINTIFF UNITED STATES OF AMERICA AND TO ITS COUNSEL OF RECORD

HEREIN:

PLEASE TAKE NOTICE THAT on  March 18, 2015, at 9:00 a.m. or as soon thereafter as the matter

may be heard, in the courtroom of the Honorable Kimberly J. Mueller, United States District Judge,

defendant Leonard Bernot will move and does hereby move under 18 U.S.C. § 3143(b) for an Order

releasing him pending appeal on the current terms. This motion is based on the attached memorandum

of points and authorities, the files and records of this case, and any oral argument or evidence that the

Court may allow.


Dated: March 3, 2015

Respectfully submitted,

By: /s/ Karyn H. Bucur
Attorney for Defendant

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................iii

INTRODUCTION ....................................................................................... 3

PROCEDURAL BACKGROUND....................................................................... 4

ARGUMENT .......................................................................................... 5

THE BAIL REFORM ACT OF 1984 AUTHORIZES BAIL
PENDING APPEAL FOR MR. BERNOT BECAUSE HE DOES NOT POSE
ANY FLIGHT RISK, THE APPEAL IS NOT FOR THE PURPOSE OF DELAY,
AND THE APPEAL WILL RAISE A SUBSTANTIAL QUESTION THAT
IS LIKELY TO RESULT IN REVERSAL ................................................................. 5

   I.  MR. BERNOT IS NOT A FLIGHT RISK OR
      DANGER TO THE COMMUNITY ....................................................... 6

  II. MR. BERNOT'S APPEAL IS NOT FOR PURPOSE OF DELAY ........................... 7

 III. MR. BERNOT EXPECTS TO RAISE A "SUBSTANTIAL QUESTION"
      ON APPEAL............................................................................. 7

     A.    THE COURT'S SENTENCING CALCULATION
           INCLUDING THE VULNERABLE VICTIM ENHANCEMENT
           RAISES A SUBSTANTIAL QUESTION ........................................ 8

     B.    THE COURT'S SENTENCING CALCULATION
           INVOLVING AN UNWARRANTED SENTENCE DISPARITY
           WHICH RAISES A SUBSTANTIAL QUESTION........................................ 12

     C.    THE FACT THAT THE DISTRICT COURT VARIED TO A SENTENCE
           BELOW THE SENTENCING GUIDELINES RANGE DOES THE AFFECT
           THE SENTENCING ISSUES IN THIS CASE—THE LAW PROVIDES THAT
           THE SENTENCING COURT MUST BEGIN ALL SENTENCING
           PROCEEDINGS BY CALCULATING THE CORRECT
           APPLICABLE RANGE  ............................................................... 14

  IV. IF THESE ISSUES ARE SUBSTANTIAL, AND IF THESE ISSUES ARE
      DETERMINED IN MR. BERNOT'S FAVOR, WOULD THE FAVORABLE
      DETERMINATION RESULT IN REVERSAL? ..................................................... 15

V.   THE LENGTH OF AN AVERAGE APPEAL IN THE NINTH CIRCUIT
      FAVORS BAIL IN THIS CASE BECAUSE MR. BERNOT WILL HAVE
      SERVED ALL OR NEARLY ALL OF HIS PRISON SENTENCE
      IF BAIL IS NOT GRANTED ...................................................................................... 16

CONCLUSION ...................................................................................... 17

DECLARATION OF KARYN H. BUCUR ........................................................................... 18

CERTIFICATE OF SERVICE

DEFENDANT  LEONARD BERNOT'S NOTICE OF MOTION AND
MOTION FOR BAIL PENDING APPEAL

# TABLE OF AUTHORITIES

**CASES**

Gall v. United States
552 U.S. 38, 128 S. Ct. 586, 169 L. Ed 2d 445 (2007).......................................................3, 13, 14

D'Aguino v. United States
 180 F. 2d 271 (9th Cir. 1950)..................................................................................................7

United States v. Balleza
613 F. 3d 432 (5th Cir. 2010)................................................................................................13

United States v. Armstrong
550 F. 3d382 (5th Cir. 2008) ................................................................................................13

United States v. Cantrell
433 F> 3d 1269 (9th Cir. 2006) .............................................................................................15

United States v. Carty
520 F. 3d 984 (8th Cir. 2007) ..........................................................................................12, 13

United States v. Castellanos
81 F. 3d 108 (9th Cir. 1996) ...................................................................................................9

United States v. Giancola
754 F. 2d 898 (11th Cir. 1985) ...............................................................................................7

United States v. Handy
761 F. 2d 1279 (9th Cir. 1985) ............................................................................3, 6, 7, 12, 15, 16

United States v. Hickey
2006 WL 1867708 (N.D. Cal. 2006) .......................................................................................7

United States v. Leal-Vega
680 F. 3d 1160 (9th Cir. 2012) ..........................................................................................3, 15

United States v. Luca
183 F. 3d 1018 (9th Cir. 1999) ...............................................................................................9

United States v. Nielsen
694 F. 3d 1032 (9th Cir. 2012) ........................................................................................8, 9, 10

United States v. Naone
2009 WL 4217136 (D. Hawai'i 2009) ......................................................................................7

United States v. Parker
462 F. 3d 273 (3rd Cir. 2006) ...............................................................................................14

United States v. Pollard
778 F. 2d 1177 (6th Cir. 1985) .........................................................................................3, 7, 12

DEFENDANT  LEONARD BERNOT'S NOTICE OF MOTION AND
MOTION FOR BAIL PENDING APPEAL

United States v. Ravoy
994 F. 2d 1332 (9th Cir. 1993) ............................................................................................10

United States v. Statham
581 F. 3d 548 (7th Cir. 2009) ............................................................................................13

United States v. Treadwell
593 F. 3d 990 (9th Cir. 2010) ............................................................................................15

United States v. Wetchie
207 F. 3d 632 (9th Cir. 2000) ..............................................................................................9

**STATUTES**

18 U.S.C. § 1341 ............................................................................................................4

18 U.S.C. § 1349 ............................................................................................................4

18 U.S.C. § 3143(b) ...........................................................................................2-8, 12, 16-17

18 U.S.C. § 3553 ................................................................................................... 12-15

**SENTENCING GUIDELINES**

U.S.S.G. § 3A1.1 ................................................................................................ 8, 9, 11-12

DEFENDANT  LEONARD BERNOT'S NOTICE OF MOTION AND
MOTION FOR BAIL PENDING APPEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

This Court should permit defendant Leonard Bernot to remain on his current conditions

of his release pending appeal under 18 U.S.C. § 3143. Mr. Bernot has demonstrated since this case

began that he poses no flight risk. He poses no danger to the community. And, as described

below, Mr. Bernot intends to raise at least two issues on appeal that present a substantial likelihood

of success.

First, the district court's 18-month sentence was predicated on a miscalculated sentencing

guidelines range. The district court concluded that the two-level vulnerable victim enhancement

pursuant to U.S.S.G. § 3A1.1(b) was applicable.  Mr. Bernot will show that case law supports Mr.

Bernot's position that the district court's application of the vulnerable victim enhancement was in error

and it raises substantial question on appeal that is fairly debatable.  Second, Mr. Bernot will argue that

his sentence is procedurally unreasonable because his 18 month sentence creates an unwarranted

sentence disparity among the co-defendants.  Mr. Bernot recognizes that the district court varied to a

sentence below the calculated guidelines range.  However, the Supreme Court requires that the district

courts begin all sentencing proceedings by correctly calculating the applicable Guideline range before

the district court varies or considers any departures.  Gall v. United States, 552 U.S. 38, 49, 128 S. Ct.

586, 169 L. Ed 2d 445 (2007).  The court's analysis and ultimate sentence must flow from an *initial*

determination of the correct Guidelines range.  (Emphasis added.)  United States v. Leal-Vega, 680 F.

3d 1160, 1169-1170.  (9th Cir. 2012).

Also, a substantial question "*does not require the district court to find it committed reversible*

*error*". (Emphasis added.)   United States v. Pollard, 778 F. 2d 1177, 1181-82 (6th Cir. 1985).  A

substantial question is one that is "fairly debatable" and that another reasonable jurists may answer the

question differently.  United States v. Handy, 761 F.2d. 1279, 1283 (9th Cir. 1985).

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

If Mr. Bernot prevails on appeal, he will ask for a new sentence under the appropriate guidelines range, which is at least 7 to 9 months lower than that utilized by the district court.  Further, if Mr. Bernot prevails on appeal, and the district imposes *any* sentence lower than 18 months, then bail pending appeal is appropriate because Mr. Bernot's appeal can be expected to take more than 18 months to reach its conclusion.

Because Mr. Bernot satisfies the requirements for release set forth in § 3143, the Court should permit him to remain on his current conditions pending appeal and immediately abrogate its order that Mr. Bernot self-surrender on April 6, 2015.

## PROCEDURAL BACKGROUND

On February 11, 2010, Mr. Bernot and 10 co-defendants were charged with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 in count 1 of the Superseding Indictment.  Mr. Bernot was also charged with mail fraud in count 7 in violation of 18 U.S.C. § 1341. (Doc. No. 303.) The mail fraud involved a foreclosure loan scheme.  On June 16, 2011, Mr. Bernot pled guilty to count 1 of the Superseding Indictment. (Doc. No. 908, RT 6/16/11, p. 18.)  Specifically, Mr. Bernot admitted:

> "In or about October 2004 Mr. Bernot applied for first and second loans secured by a residential real property located at 1098 Upper Happy Valley Road, Lafayette, Contra Costa, California.
>
> In that application Mr. Bernot falsely stated that he was purchasing the property for $1,200,000, when, in fact, he knew that he was purchasing the home for substantially less than $1,200,000.  And therefore, the statement was untrue.
>
> Mr. Bernot supplied this application to Mr. Charles Head to provide to the lender.  Mr. Head knew that the actual purchase price was substantially less than $1,200,000.  Mr. Head supplied the application to the lender, and as a result of this material false statement the lender funded both of the loans.
>
> Mr. Bernot caused the lender to use the United States mails to transfer loan documents to and from the escrow company that closed the loans as part of the scheme to obtain loans by the making of false representations to the lender." (Doc. 908, p. 15.)

In this case, there were approximately 47 victims. (Presentence Investigation Report "PSR", ¶ 38.)  After an evidentiary hearing in October 2013, the district court found that Mr. Bernot's involvement was limited to 4 transactions.  Specifically, the court found:  "Mr. Bernot's "relevant conduct" is limited to the transaction with Laura Merchant, Terrylynn Walker, Brenda Diller, and Ted and Shari Garfinkle (collectively "homeowners"); Mr. Bernot did not defraud Merchant, Walker, or Diller, but did defraud the Garfinkles."  (Doc. 939, p. 1.) The Garfinkles owned the property located at 1098 Upper Happy Valley Road that Mr. Bernot admitted to making false statements to the lender.  The district court further found that Mr. Bernot employed "sophisticated means", accepted responsibility, Mr. Bernot targeted a "vulnerable victim"; and Mr. Bernot did not obstruct justice.  (Doc. No. 939, pp. 1-2.)

The district court further found that co-defendant Joshua Coffman made a false representation to the Garfinkles that Mrs. Garfinkle would remain on the title after the transaction was completed.  (Doc. No. 939, p. 6.)  The district court further found that the Garfinkles did not interact with Mr. Bernot until after Mr. Coffman had completed the transaction with them.  (Doc. No. 939, p. 6.)

On December 10, 2014, and on December 15, 2014, the district court held sentencing hearings in Mr. Bernot's case.  On December 15, 2014, the district court sentenced Mr. Bernot to a term of 18 months.  (Doc. No. 1226, RT 12/15/14, p. 61.)


**ARGUMENT**

**THE BAIL REFORM ACT OF 1984 AUTHORIZES BAIL PENDING APPEAL FOR MR. BERNOT BECAUSE HE DOES NOT POSE ANY FLIGHT RISK, THE APPEAL IS NOT FOR THE PURPOSE OF DELAY, AND THE APPEAL WILL RAISE A SUBSTANTIAL QUESTION THAT IS LIKELY TO RESULT IN REVERSAL**

Under the Bail Reform Act of 1984, the district court must release a defendant pending appeal if it makes three findings. First, the court must find that the defendant will not flee or pose a danger to the community if the court grants bail. *See* 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that the appeal is not for the purpose of delay. *Id.* Third, the court must find that the appeal "raises a substantial question of law or fact likely to result in" a reversal, a new trial, or

a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Id.* § 3143(b)(1)(B). Each of these requirements is satisfied here. *See also* United States v. Handy, 761 F. 2d, 1279, 1279 (9th Cir. 1985).

**I. Mr. Bernot is Not a Flight Risk or Danger to the Community.**

Mr. Bernot poses no risk of flight. On April 23, 2008, Mr. Bernot executed an unsecured appearance bond in the amount of $150,000.00. (Doc. No. 109.) For nearly 7 years, Mr. Bernot has promptly made every court appearance at which his appearance was required. Mr. Bernot also surrendered his passport. (Doc. No. 91.) After Mr. Bernot pled guilty, the district court allowed Mr. Bernot to remain on pre-trial release because Mr. Bernot does not pose a danger to the community and that he is not a flight risk. (Doc. No. 908, p. 21.) The government agreed that Mr. Bernot was in compliance with all terms of his pre-trial release. The government further stated Mr. Bernot is not a danger to the community. (Doc. No. 908, p. 20.)

Recently, at the sentencing hearing, the district court noted that Mr. Bernot has been on pre-trial services release for quite some time without any violations and the court stated that Mr. Bernot is unlikely to reoffend. (Doc. No. 1226, RT 12/15/14 59.)

Mr. Bernot's current Pre-Trial Services Officer, Ms. Ada Castillo-O'Neil, reported to counsel on March 3, 2015, that Mr. Bernot continues to be in compliance with all his terms and conditions of release. Ms. O'Neil supervises Mr. Bernot from her location in Orange County in the Central District of California. (Declaration of Karyn H. Bucur)

Given his lack of any criminal history, the non-violent nature of the offenses for which he was convicted, and the findings of the court and the agreement by the government, and the statement by Mr. Bernot's current Pre-Trial Services Officer it is clear that Mr. Bernot is simply not a flight risk and poses no danger to the community.

**II. Mr. Bernot's Appeal Is Not for the Purpose of Delay.**

Mr. Bernot's forthcoming appeal is not for purposes of delay. He has every intent of proceeding promptly with his appeal. Other courts finding that a defendant was motivated primarily by a purpose to delay have pointed to stall tactics utilized by that defendant. *See, e.g.*, United States v. Hickey, 2006 WL 1867708, at *4 (N.D. Cal. 2006) ("Delay was repeatedly precipitated by defendant and Attorney Cohen during the course of this criminal action…[and] [f]urther delay appears to be the primary purpose of defendant's latest motion."); United States v. Naone, 2009 WL 4217136, at *6 (D. Hawai'i 2009) ("Defendant has failed to introduce any evidence to show that his instant Motion is anything other than another attempt at delay in a history of delay tactics by Defendant and his counsel"). No such delay tactics have been previously employed by Mr. Bernot in the instant action.

**III. Mr. Bernot Expects to Raise a "Substantial Question" on Appeal.**

When considering a motion for bail pending appeal, the Court must focus on whether appeal will present "a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). The "substantial question" standard "does *not* require the district court to find that it committed reversible error." (Emphasis added.) United States v. Pollard, 778 F.2d 1177, 1181-82 (6th Cir. 1985); United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985) (same). Rather, a "substantial question" is one that is "fairly debatable" or "fairly doubtful." United States v. Handy, 761 F.2d at 1283 (quotations omitted). Put another way, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (quotation omitted).  In other words, substantial question is one that is fairly debatable and is one of more substance than would be necessary to a finding that it was not frivolous. D'Aguino v. United States, 180 F. 2d 271, 272 (9th Cir. 1950), United States v. Giancola, 754 F. 2d 898, 901 (11th Cir. 1985).

Mr. Bernot expects to present on appeal at least two of issues that present "substantial

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

questions" under § 3143(b). These issues are, at a minimum, "fairly debatable" and certainly not "frivolous." These two issues are whether the district court erred in concluding that the two-level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b) was applicable and that the sentence imposed was procedurally unreasonable because the sentence creates an unwarranted sentence disparity among the co-defendants.

**A. The Court's Sentencing Calculation Including The Vulnerable Victim Enhancement Raises a Substantial Question.**

The Sentencing Guidelines provide for a two-level upward adjustment to a defendant's offense level "if the defendant knew or should have known that a victim of the offense was a vulnerable victim…" U.S.S.G. § 3A1.1(b). A 'vulnerable victim' is a person who is '*unusually* vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible, or who is otherwise particularly susceptible to the criminal conduct.'" (Emphasis added.) United States v. Nielsen, 694 F. 3d 1032, 1034 (9th Cir. 2012).

At sentencing, the Court considered several factors and entered a sentence below the guideline range of 37 to 46 months. Nonetheless, the Court's sentence was predicated on the conclusion that Mr. Bernot deserved a 2-level increase under the Sentencing Guidelines for vulnerable victim pursuant to U.S.S.G. § 3A1.1(b).

Specifically, the district court based the vulnerable victim enhancement on Mr. Bernot's involvement in the Garfinkle transaction. (Doc. No. 1226, RT 12/15/14, pp. 14-15.) However, the record shows that is was co-defendant Coffman alone that negotiated the sale of the Garfinkles' house and that Coffman alone lied to Mrs. Garfinkle regarding the terms of the sale. Mr. Bernot did not appear into this transaction until much later when he bought the Garfinkles' house and obtained a loan. The record also shows that Mr. Bernot did not lie to the Garfinkles, but that the district court held Mr. Bernot responsible for Mr. Coffman's lie even though Mr. Coffman testified that he did not tell Mr. Bernot about the lie. Mr. Garfinkle testified that he never spoke with Mr. Bernot until he was contacted

DEFENDANT LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

by the FBI. (Doc. No. 868, RT 10/1/13, p. 56.)) The enhancement was applied because the district court found that homeowners Mr. and Mrs. Garfinkle were vulnerable victims due to their financial situation. However, the law requires that to be a vulnerable victim, the victim must be "unusually vulnerable" and is "less able to resist than the typical victim of the *offense of conviction*". (Emphasis added.) United States v. Nielsen, supra, 694 F. 3d at 1034, citing to United States v. Wetchie, 207 F. 3d 632, 634 (9th Cir. 2000). Here, there is nothing in the record that would show that the Garfinkles are different from any other victim of foreclosure loan scams—every victim in this type of offense have serious financial problems and are normally in the process of losing their house.

In applying the vulnerable victim enhancement, the district court must point to facts that made the victim 'less able to defend herself than a typical victim". United States v. Luca, 183 F. 3d 1018, 1027 (9th Cir. 1999).

> "It is not enough to support a finding of particular susceptibility under §
> 3A1.1 that the victim is more likely than other members of the general
> population to become a victim to the particular crime at issue". United
> States v. Nielsen, supra, 694 F. 3d at 1034-1035, citing to United States v.
> Castellanos, 81 F. 3d 108, 110 (9th Cir. 1996). As the Ninth Circuit
> explained in Castellanos: The reason for this is "that criminals will always
> tend to target their victims with an eye toward success in the criminal
> endeavor. Thus, the chosen victims are usually more susceptible than the
> general population to the criminal conduct…But all defendants targeting
> such victims do not necessarily merit a sentence enhancement under §
> 3A1.1. Otherwise, all but the most unthinking of criminal
> defendants…would be candidates for upward adjustments under § 3A1.1"
> United States v. Castellanos, supra, 81 F. 3d at 110-111.

In the present case, the district court did not point to anything in the record indicating that the Garfinkles are more vulnerable that the typical victim of a foreclosure loan scam.  United States v. Nielsen, supra, 694 F. 3d at 1035.  If the factor that makes the victim vulnerable is **not unusual** for the victims of the offense, the § 3A1.1(b) enhancement is not permitted.  (Emphasis added.)  United States v. Nielsen, supra, 694 F. 3d at 1035.  The Garfinkles are not unusual victims of foreclosure loan scams.  Mr. Garfinkle testified that he was behind on his mortgage payments and he negotiated a loan with Joshua Coffman.  (Doc. 868, RT 10/1/13, pp. 46-55.).

In United States v. Ravoy, 994 F. 2d 1332, 1335 (8th Cir. 1993), the district court found that the defendant's victims were vulnerable victims under §3A1.1 because of the victims "distressed financial circumstances".  The district court added the two-level increase to the base offense level because "in its view the sellers were targeted because of their financial situation".  Id. at 1335.  The Eighth Circuit found that the district court clearly erred because the victim sellers did not have the particularized vulnerability the adjustment requires.  The homeowner victim in Ravoy sold her home to the defendants and took a contract for deed from them for the equity.  The homeowner victim "lost her equity when the defendants failed to pay the contract payments to her and defaulted on the mortgage.  While she was a victim of the defendant's fraud and lost all of her life's savings to the criminal conduct, she was not "otherwise susceptible" to the defendants' criminal scheme because of her financial condition".  United States v. Ravoy, supra, 994 F. 2d at 1335.

The Garfinkles are similar to the homeowner victim in Ravoy and the court found that the homeowner victim was not "otherwise susceptible" to the defendant's criminal scheme because of her financial condition.   Because homeowners who are having financial difficulties and are behind in their mortgage payments are the normal targeted victims of foreclosure loan scams—the Garfinkles are not an *unusually* vulnerable victim in this case.  The case law cited above shows whether the Garfinkles are a

"vulnerable victim" pursuant to U.S.S.G. § 3A1.1(b) is a substantial question because the case law supports Mr. Bernot's argument that the Garfinkles are not a vulnerable victim and at the minimum, Mr. Bernot has shown this issue is "debatable".

   Mr. Bernot objected to this enhancement because co-defendant Joshua Coffman was the person who lied to Mrs. Garfinkle about the nature of the home loan and Mr. Bernot's involvement was limited to that of purchaser of that property. (Doc. No. 939, p. 6, Doc. No. 1226, RT 12/15/14, p. 36.)  In the Garfinkle case, the bank had already foreclosed on the home. (Doc. No. 868, RT 10/1/13, pp. 61-64.)

   After the foreclosure, Mr. Bernot appeared for the first time in the transaction after Mr. Coffman convinced the bank to return the property to Ms. Garfinkle so that Mr. Bernot could buy the property and pay off the bank's loan.  (Doc. No. 1225, RT 12/10/14, pp. 14-15., Doc. No. 868, RT 10/1/13, pp. 62-63, 164, 170.)  Mr. Garfinkle testified at the evidentiary hearing that he only dealt with Joshua Coffman as he was the one who negotiated the sale.  (Doc. No. 868, RT 10/1/13, pp. 45-51.)  Mr. Coffman admitted that he lied to Mrs. Garfinkle when he told her she would remain on the title.  (Doc. No. 868, RT 10/1/13, p. 153.)  Mr. Coffman testified that he never told Mr. Bernot that he had lied to Mrs. Garfinkle.  (Doc. No. 868, RT 10/1/13, p. 175.)  Mr. Garfinkle testified that he never talked to Mr. Bernot until after he had sold the home to Mr. Bernot. (Doc. No. 868, RT 10/1/13, pp. 55-57.)  With respect to the Garfinkle transaction, the district court held that Mr. Bernot was accountable for Mr. Coffman's fraudulent representation to Mrs. Garfinkle that she would remain on the title to the property. (Doc. No. 939, pp. 12-13.)

   Defense counsel asked the district court to reconsider because since Mr. Bernot had not lied to other homeowners and is no evidence that would support a finding that he should have reasonably foreseen that Mr. Coffman would lie to Mrs. Garfinkle.   (Doc. No. 1225, RT 12/10/14, pp. 14-15.) Defense counsel pointed out that the district court found in its order that it was Mr. Coffman who was the one to lie to Mrs. Garfinkle and that Mr. Bernot's role was to buy the Garfinkle property.  (Doc. No.

1226, RT 12/15/14, p. 36.))   Mr. Bernot bought the property after Mr. Coffman negotiated the loan

terms with the Garfinkles.  Mr. Coffman testified that he did not even talk to Mr. Bernot until after the

sale had concluded.  (Doc. No. 1226, RT 12/15/14, pp. 36-37.)  The district court did **not** apply the

vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1 (b) in Mr. Coffman's case.  (Doc. No.

1226, RT 12/15/14, p. 34.)  The district court's decision to apply the vulnerable victim enhancement to

Mr. Bernot and not Mr. Coffman was not supported by the record because it was Mr. Coffman who lied

and made misrepresentations to Mrs. Garfinkle—and not Mr. Bernot.  The court found Mr. Bernot was

responsible for Mr. Coffman's lies and punished Mr. Bernot for Mr. Coffman's lies.  (Doc. No. 939, pp.

12-13.)  But, Mr. Coffman did not receive the same punishment by not receiving the two level

enhancement for vulnerable victim.

When considering a motion for bail pending appeal, the district court must focus on whether the

appeal will present a "substantial question of law or fact".  18 U.S.C. § 3143 (b)(1)(B).  The "substantial

question" standard "does not require the district court find it committed reversible error.  <u>United States</u>

<u>v. Pollard</u>, <u>supra</u>, 778 F. 2d at 1181-1182.  Rather, a "substantial question" is one that is "fairly

debatable".  <u>United States v. Handy</u>, <u>supra</u>, 761 F. 2d at 1283.  Based on the facts and case law cited

above, whether the vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b) applies in Mr.

Bernot's case is "fairly debatable" among different jurists.  Therefore, Mr. Bernot has established there

is a substantial question on appeal.

**B.   The Court's Sentence Calculation Involves An Unwarranted Sentence Disparity Which
       Raises a Substantial Question**

Mr. Bernot will argue on appeal that his sentence is procedurally unreasonable because his 18

month prison sentence creates an unwarranted sentence disparity among co-defendants.  In the district

court, Mr. Bernot argued for a sentence below the guideline range in part to avoid an unwarranted

sentence disparity between his sentence and the sentence of co-defendant Joshua Coffman.  A district

court commits procedural error if it fails to properly consider the 18 U.S.C. § 3553(a) factors.  <u>United</u>

States v. Carty, 520 F. 3d. 984, 993 (8th Cir. 2007).  One of the § 3553(a) factors that a court considers in imposing sentence is "the need to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*".  (Emphasis added.)   18 U.S.C. § 3553(a)(6).  If a similarly situated defendant receives a lesser sentence, a defendant may be able to establish unreasonableness based on an unwarranted disparity in sentences.  United States v. Armstrong, 550 F. 3d 382, 406 (5th Cir. 2008)(overruled on different grounds in United States v. Balleza, 613 F. 3d 432, 433, fn.1 (5th Cir. 2010.)  This includes unwarranted sentence disparities among co-defendants or co-conspirators in the same case.   United States v. Statham, 581 F. 3d 548, 556 (7th Cir. 2009).  The Court in Gall "endorsed a district court's consideration of the need to 'avoid unwarranted disparities, but also unwarranted similarities among other co-conspirators' when calculating a reasonable sentence".  United States v. Statham, supra, 581 F.3d at 556, citing to Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 599-600, 169 L. Ed 2d 445 (2007).  "But even after Gall, § 3553(a)(6) does not require that defendants in a single case be sentenced to identical prison terms.  To the contrary, that provision seeks only to avoid 'unwarranted' sentencing disparities." United States v. Statham, supra, 581 F. 3d at 556.

In the district court, Mr. Bernot argued there is an unwarranted sentence disparity with co-defendant Joshua Coffman's sentence.  Mr. Coffman was the defendant who lied and made misrepresentations to the Garfinkles and he  negotiated the loan for the Garfinkles. Mr. Bernot's role was limited to obtaining a loan to buy the Garfinkle property after Mr. Coffman's deal with the Garfinkles was complete.  Mr. Coffman testified that he never told Mr. Bernot that Mr. Coffman lied to the Garfinkles.  Mr. Garfinkle testified that he did not speak with Mr. Bernot until long after the transaction.  Mr. Bernot's role is arguably less culpable than Mr. Coffman.  The loss amount attributable to Coffman was greater than $2.5 million dollars. (Doc. No. 1052, p. 2.)  The court found that the loss amount attributable to Mr. Bernot was between $224,000.00 to $235,000.00.  (RT 12/15/14, p. 31.)  The loss amount attributable to Mr. Bernot is significantly less than the loss that Mr. Coffman created.

The plain language of 18 U.S.C. § 3553(a)(6) *requires* that sentencing courts "need to avoid unwarranted sentencing disparities among defendants with *similar records* who have been found guilty of *similar conduct*.  United States v. Parker, 462 F. 3d 273, 277, n.4 (3rd Cir. 2006)(emphasis in original).   Both Mr. Bernot and Mr. Coffman have similar records: they both have a Criminal History of I.  (Doc. No. 1052, p. 5; RT 12/15/14, pp. 58-59.)  The record shows that Mr. Coffman's conduct is more culpable than Mr. Bernot's conduct because Mr. Coffman was the individual who made actual misrepresentations to the Garfinkles and Mr. Bernot did not.  Mr. Coffman received a sentence of 20 months and Mr. Bernot received a sentence of 18 months.  Based on the fact that Mr. Coffman's loss amount was significantly greater than Mr. Bernot and Mr. Bernot's conduct in the Garfinkle transaction was much less culpable, Mr. Bernot should have received a significantly lesser sentence than Mr. Coffman—not just two months.  Also, Mr. Coffman did **not** receive the two level enhancement for vulnerable victim pursuant to U.S.S.G. § 3A1.1—and his culpability and loss amount were much greater.  (Doc. No. 1226, RT 12/15/14, p. 34.)   The district court stated it reviewed the sentences on co-defendants to avoid sentence disparities, but it concluded the 18 month sentence was appropriate in this case. (Doc. No. 1226, RT 12/15/15, p. 61.) Mr. Bernot will argue on appeal that his sentence is procedurally unreasonable based on unwarranted sentencing disparity.  This sentencing issue is "debatable" because the record supports a finding of a significantly lesser sentence of 18 months based on unwarranted sentence disparities.

**C.   The Fact that The District Court Varied To A Sentence Below The Sentencing Guidelines Range Does Not Affect The Sentencing Issues In This Case—the Law Provides That the Sentencing Court Must Begin All Sentencing Proceedings By Calculating The Correct Applicable Range**

The district court in this case varied downward to a sentence less than the calculated guideline range. (Doc. No. 1226, RT 12/15/14, p. 61.)  However, Supreme Court authority provides that district courts should begin all sentencing proceedings by correctly calculating the applicable Guideline range before the district court varies the sentence.  Gall v. United States, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L. Ed

DEFENDANT LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

2d 445 (2007). The appropriate guideline range "remains the critical starting point for the imposition of a sentence under § 3553(a)". United States v. Cantrell, 433 F. 3d 1269, 1279 (9th Cir. 2006).

Even if a district court stated that it would impose the same sentence without the correct guideline range no matter what the correct calculation—cannot insulate the sentence from remand, "because the court's analysis did not flow from an initial determination of the *correct Guidelines range*". (Emphasis added.) United States v. Leal-Vega, 680 F.3d 1160, 1169-1170. (9th Cir. 2012) ("A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing.")  The district court found that offense level is a level 21 and with a criminal history of I, the guideline range was 37 to 46 months.  Then the district court varied to a sentence of 18 months.  (Doc. 1226, RT 12/15/14 61.)  If the vulnerable victim enhancement had not been applied, the offense level would have been a level 19 and with a criminal history score of I—the appropriate guideline range would have been 30 to 37 months.  Pursuant to Supreme Court authority and Ninth Circuit authority cited above—this range should have been the starting point before the district court considered any variance. "Failure to calculate correctly the Guidelines range therefore constitutes reversible error".  United States v. Treadwell, 593 F. 3d 990, 999 (9th Cir. 2010.)  Therefore, this case could be remanded for resentencing even though the district court varied below the Guidelines range because the court's analysis did not flow from an initial determination of the correct Guidelines range. United States v. Leal-Vega, supra, 680 F. 3d at 1169-1170.

## IV.    If These Issues are Substantial, and if these Issues are Determined in Mr. Bernot's favor, would the Favorable Determination Result In Reversal?

The term "likely to result in a reversal" means: "that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed". United States v. Handy, supra, 761 F. 2d at 1283.  What this means is the court having found the question substantial, must *presume* it is determined favorably to the

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

appellant.  The question then is, assuming that presumption, would the ruling require a reversal, a new trial,

a sentence without a prison or sentence less than the time served during the duration of the appeal.

In other words, "likely to result in a reversal" does not mean Mr. Bernot has to prove at this moment

he will prevail on these issues, rather it means if he prevails on the issues raised in his opening brief, a

reversal will be likely.  "The phrase "likely to result in reversal" defines the type of question to be presented.

Handy, supra at 1281.  In this case, if Mr. Bernot prevails on his sentencing issues, Mr. Bernot will be

entitled to a resentencing hearing which may result in a lower sentence.  If this happens, Mr. Bernot will

have most likely finished his 18 month prison term by the time the appeal is over and he is resentenced.

Mr. Bernot has demonstrated he met the burden that he raised a substantial question likely to result

in reversal.  In short, a substantial question is one of more substance than would be necessary to a finding

that it was not frivolous." Handy, supra at 1283.  The defendant is also not required to prove at this time that

his issues will result in reversal. "Congress did not intend to limit bail pending appeal to cases in which the

defendant can demonstrate at the outset of appellate proceedings that the appeal will probably result in

reversal or an order for a new trial." Handy, supra at 1281.  The defendant needs only to identify the issue,

state the basis of his argument, and show that the argument is debatable.  "The question may be

"substantial" even though the judge or justice hearing the application for bail would affirm on the merits of

the appeal." Handy, supra at 1281.  Mr. Bernot has identified his appellate issue, stated the basis of his

argument and has shown the issue is debatable.  This motion should be granted.

**V.   The Length of an Average Appeal in The Ninth Circuit Favors Bail In This Case Because Mr.
Bernot Will Have Served All or Nearly All of His Prison Sentence If Bail Is Not Granted**

If Mr. Bernot is not granted bail pending appeal, he may have completed his prison sentence by

the time the appeal is over.  If a substantial question is raised and if the result could be "a reduced

sentence to a term of imprisonment less than the total of the time already served plus the expected

duration of the appeal process"—the motion should be granted. 18 U.S.C.. § 3143(b)(1)(B).

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

In the Ninth Circuit, a civil case typically takes 12-20 months to proceed from the notice of appeal to oral argument. (*See* Ninth Circuit, *Frequently Asked Questions*, *available at* http://www.ca9.uscourts.gov/content/faq.php.)  For a criminal appeal, the Ninth Circuit website states that for a criminal appeal oral argument is scheduled approximately 4-5 months after briefing is complete.  However, it is counsel's experience that criminal cases can take at least one year from the date of filing the notice of appeal to oral argument. (Declaration of Karyn H. Bucur).  Even once the case is argued, the Ninth Circuit typically takes 3-12 months to write an opinion or memorandum disposition. And, finally, the Ninth Circuit has no time limit to make a decision on a petition for rehearing and it may take a few months. (*See id FAQs.*)   As a result, Mr. Bernot's appeal can be expected to take longer than his sentence of 18 months.  The motion should be granted because Mr. Bernot has satisfied each of the factors identified in 18 U.S.C. § 3143(b).

## CONCLUSION

For the foregoing reasons, the Court should release Mr. Bernot pending appeal under 18 U.S.C. § 3143(b).


Dated:  March 3, 2015

                                         Respectfully submitted,

                                         By: /s/ Karyn H. Bucur
                                         Attorney for Defendant

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

<u>DECLARATION OF KARYN H. BUCUR</u>

I, KARYN H. BUCUR, declare:

1.      I am an attorney at law duly licensed to practice law before all the courts of the State of California and in this Court.  I was admitted to practice in the Eastern District of California on September 27, 2006.

2.      I am appointed to represent Mr. Bernot on appeal.

3.      On March 3, 2015, I spoke with Pre-Trial Services Officer Ada Castillo-O'Neil.  Ms. O'Neil is currently supervising Mr. Bernot.  Her office is in Orange County in the Central District of California. Ms. O'Neil informed me that Mr. Bernot continues to be in compliance with his bail conditions.

4.      It has been my experience that criminal appeals can take at least one year from the date of filing of appeal to oral argument.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  March 3, 2015                          __/s/*Karyn H. Bucur*_____

                                               Karyn H. Bucur

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL

1

2

3 CERTIFICATE OF SERVICE

4

5 Case Name: **U.S. v. Leonard Bernot**    Case No.: S-08-CR 93

6

7    I hereby certify that on March 3, 2015, I electronically filed the foregoing documents with the Clerk of the Court by using the appellate CM/ECF system:

8

9 NOTICE OF MOTION AND MOTION FOR BAIL PENDING APPEAL AND MEMORANDUM IN SUPPORT; DECLARATION OF KARYN H. BUCUR

10    All of the participants in this case are registered CM/ECF users.  They will be served by the appellate CM/ECF system.

11

12

13    I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 3, 2015 at Laguna Hills, California.

14

15 March 3, 2015

16 S/Karyn H. Bucur

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT  LEONARD BERNOT'S NOTICE OF
MOTION AND MOTION FOR BAIL PENDING APPEAL