UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:08-cr-00093 KJM |
| Plaintiff, | |
| v. | ORDER |
| LEONARD BERNOT, | |
| Defendant. | |

Defendant requests that the court postpone his April 6, 2015 surrender date pending his appeal of his sentence. Mot. For Bail Pending Appeal ("Mot."), ECF No. 1286. His motion was filed on March 3, 2015, and the government opposed on March 10, 2015. ECF No. 1294. Defendant replied on March 16, 2015. ECF No. 1297. The court heard argument on March 18, 2015, at which appellate counsel Karyn Bucur appeared for defendant and Assistant U.S. Attorney Michael Anderson appeared for the government. For the following reasons, the court GRANTS the motion.

Defendant's sentencing hearing was held on December 15, 2014. ECF No. 1132. In determining the sentence, the court granted voluntary surrender with a surrender date of February 23, 2015, which the government did not oppose. *Id*. Defendant later moved to extend his surrender date to April 6, 2015, to allow him time to consult with appellate counsel and attend the restitution hearing then set for March 2015. ECF 1237. The government did not oppose this

1

request and the court granted it. ECFs 1247, 1251. In issuing these prior orders, the court found implicitly that defendant posed neither a flight risk nor a danger to others. 18 U.S.C. § 3143(a).

Defendant's current motion is governed by 18 U.S.C. § 3143(b), which requires detention of a sentenced defendant, unless the court finds an exception applies. Exceptions exist where the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others; (2) that the appeal is not being taken for delay; and (3) that the appeal "raises a substantial question of law or fact likely to result in . . . reversal, . . . an order for a new trial, . . . a sentence that does not include a prison term, or . . . a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). "A 'substantial question' is one that is fairly debatable or fairly doubtful." *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986) (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)). As the moving party, defendant bears the burden of establishing that such an exception exists. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Defendant argues he meets all three exceptions provided by the statute. The court finds first, by clear and convincing evidence and for purposes of the pending motion, that defendant is not likely to flee or pose a danger to others. Defendant has been on pretrial release since April 2008, nearly seven years, without incident. He has surrendered his passport and posted an unsecured bond that he has signed as have two other persons. In connection with the hearing on March 18, the court's pretrial services office confirmed his full compliance with conditions, which continued after the court denied his request to travel internationally in June 2013, to meet with his ex-wife in Ukraine as they were divorcing. At hearing, defendant represented that he and his ex-wife are now divorced, do not have children together, and do not communicate. The government did not dispute this representation, and nothing before the court calls it into doubt.

Second, it is undisputed that the appeal is not taken for purposes of delay.

The court's ultimate decision, then, turns on determination of the third factor, and whether defendant's appeal "raises a substantial question of law or fact," in this case such that

defendant ultimately will receive "a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). Defendant argues his appeal raises two substantial questions: whether this court improperly applied a two-level vulnerable victim enhancement, based on sentencing guideline 3A1.1(b); and whether the court properly considered the sentencing factor focused on "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," under 18 U.S.C. § 3553. A review of the sentencing hearing transcript discloses that defendant's two appeal issues are intertwined, as discussed below.

Regarding the vulnerable victim enhancement, the presentence report prepared in June 2013 did not recommend application of the enhancement. ECF 788 at 19. In its formal objections to that report, the government requested the enhancement, and at hearing after considering the parties' arguments, the court applied it. A critical factor in the court's ultimate determination of the government's objection was an order the court issued following an evidentiary hearing; in the order, the court found defendant targeted vulnerable victims, namely the Garfinkles, who faced loss of their home to foreclosure, "[b]ecause financial distress renders a consumer particularly susceptible to fraud." *See* Order filed May 12, 2014, ECF 939 at 15 (citing to *United States v. Peters*, 962 F.2d 1410, 1416–18 (9th Cir. 1992)). At sentencing, the court and parties proceeded based on the original presentence report and briefing filed prior to the evidentiary hearing, without supplementation. The court and parties also discussed the court's post-hearing order, the parties' joint perception of inconsistencies in the order, and ways of addressing any inconsistencies without vacating the order. The court ultimately applied the enhancement while noting it could offset any enhanced guideline range through consideration of the unwarranted disparities factor. 1 RT[1] 12/10/14 at 14-16; 2 RT 12/10/14 at 33-39. When it later reached the question of avoidance of unwarranted disparities, the court noted its review and consideration of co-defendants' sentences and presentence reports. In the end, the court varied

/////

---

[1] RT references the Reporter's Transcript, filed in two volumes on the court's docket. ECFs 1225, 1226.

3

1 downward from the guidelines range of 37 to 46 months, to a sentence of eighteen months.  2 RT
2 12/10/14 at 59-61.

3     Viewing the sentencing hearing transcript with the detachment gained by the
4 passage of several months' time, the court concludes that the record created supports defendant's
5 position that he has viable questions to raise on appeal.  While the government is correct that the
6 court was express in considering disparity, it is at least conceivable that the appellate court could
7 view the court's approach of correcting any flaw in applying the vulnerable victim enhancement
8 with an offsetting downward variance as procedurally flawed.  While defense counsel suggested
9 at sentencing he was not likely to argue as much on appeal, defendant has new appellate counsel
10 at this stage and the court does not construe the comments made at sentencing as having waived a
11 procedural flaw argument.  2 RT 12/10/14 at 38-39.

12     Regarding the impact of any reversal on the sentence itself, defendant argues that
13 if he prevails on appeal, the court would approach sentencing from the starting point of a lower
14 guidelines range and analyze sentencing disparity differently, with the potential for his sentence
15 to be lowered by several months.  The government argues the best case scenario for defendant on
16 any remand is a twelve month sentence.  As defendant points out, a twelve month sentence with
17 full good time credits would yield actual time served in the range of ten months, with some
18 portion of that time likely spent in a federal halfway house.  The parties essentially agree that if
19 defendant is required to surrender now for service of his current sentence, the appellate court is
20 unlikely to resolve any appeal for at least twelve months.

21     Considering all of the above, the court finds defendant has satisfied his burden of
22 raising a "fairly debatable questions" for appeal, which could result in the reversal and remand of
23 defendant's case for resentencing.  *Handy*, 761 F.2d at 1281.  If the sentence is vacated and the
24 matter remanded, the court cannot say definitively that defendant will not receive a sentence
25 lower than eighteen months.  The interests of justice thus require that defendant be allowed to
26 remain released pending appeal so that he does not serve time he may not owe.
27 /////
28 /////

1  The court GRANTS defendant's motion. The defendant shall remain released as
2  approved at sentencing pending appeal.
3  IT IS SO ORDERED.
4  DATED: April 2, 2015.

_____
UNITED STATES DISTRICT JUDGE