UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-CR-00093-KJM |
| Plaintiff, | |
| v. | ORDER |
| LEONARD BERNOT, | |
| Defendant. | |

The United States has moved for reconsideration of the court's previous order granting defendant Leonard Bernot's motion for bail pending appeal. Mot. Recons. (Mot.), ECF No. 1337; Order Apr. 3, 2015 (Prev. Order), ECF No. 1329. Mr. Bernot opposed the motion, Opp'n, ECF No. 1346, and the court took the matter under submission without holding a hearing, Minute Order, ECF No. 1348.

I.   BACKGROUND

In its previous order, the court concluded Bernot had "satisfied his burden of raising 'fairly debatable questions' for appeal, which could result in the reversal and remand of defendant's case for sentencing." Prev. Order at 4 (quoting *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985)). The court also found it could not "say definitively that defendant

1

will not receive a sentence lower than eighteen months," the length of his current sentence, and ordered Bernot's continued release pending appeal. *Id.*

The government requests reconsideration. It argues the court applied an incorrect legal standard when it found it could not "say definitively" Bernot would not receive a sentence lower than eighteen months. Mot. 3–4. It also argues that 18 U.S.C. § 3143 requires Bernot serve the duration of any likely reduced sentence. *Id.* at 4–5. In opposition Bernot argues the court applied the correct legal standard and in any event cannot estimate a likely reduced sentence. Opp'n 1–2.

II.     DISCUSSION

This court may hear motions to reconsider its own non-final orders in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *United States v. Mendez*, No. 07-00011, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008); *see also* E.D. Cal. L.R. 430.1(i) (governing motions for reconsideration in criminal cases). The court reconsiders its prior order primarily to provide the clarification set out below.

As a general rule, a defendant found guilty of an offense must be detained pending appeal. 18 U.S.C. § 3143(b). He may be released, however, if the court finds "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, . . . , or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1). If the court relies on subsection (B)(iv) in granting release pending appeal, it must "order the detention terminated at the expiration of the likely reduced sentence." *Id.* § 3143(b)(1)(B)(iv). It is a defendant's burden to show his release is warranted. *Handy*, 761 F.2d at 1283;[1] *see also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

---

[1] While section 3143 has been amended multiple times since *Handy* was decided, the *Handy* decision remains controlling precedent on the section's application. *See, e.g.*, *United States v. Gardenhire*, __ F.3d __, 2015 WL 1934493, at *6 (9th Cir. Apr. 30, 2015) (applying the *Handy* test); *United States v. Robles*, No. 14-00102, 2015 WL 1906757, at *1 (N.D. Cal. Apr. 27, 2015)

1    In both this motion and the previous motion for bail pending appeal, the parties do
2 not dispute part (A) above.  By clear and convincing evidence, Bernot is not likely to flee and
3 poses no danger to the safety of any person or the community.  Neither does the government
4 argue Bernot pursues his appeal for the purpose of delay.  Finally, although the government
5 appears to stand by its position that the appeal raises no substantial question of law or fact, it does
6 not request reconsideration on that ground.  *See* Mot. at 3–5.  The government's motion instead
7 focuses on the statute's language that the appeal is "likely to result in . . . a reduced sentence to a
8 term of imprisonment less than the total of the time already served plus the expected duration of
9 the appeal process."  18 U.S.C. § 3143(b)(1)(B)(iv).

10    As this court reads it, the statute does not sever the consideration of whether a
11 substantial question is raised from the question of whether reversal or a reduction in sentence is
12 likely.  Rather, the two aspects of the inquiry are conjoined: "[T]he phrase 'likely to result in
13 reversal or an order for a new trial' defines the type of question that must be presented."
14 *Montoya*, 908 F.2d at 450 (quoting *Handy*, 761 F.2d at 1280) (other alterations omitted).  As the
15 court previously has noted, the statute does not "limit[] bail pending appeal to defendants who
16 can demonstrate that they will probably prevail on appeal."  *Handy*, 761 F.2d at 1280.  In
17 determining whether a substantial question has been raised, a district court is not required to
18 certify that it committed error.  *Id*. at 1281.  At the same time, to preserve the open mind required
19 in the event of reversal, a court must remain accepting of that possibility.  And if a substantial
20 question is resolved in a defendant's favor, it follows that reversal is likely to follow, and a
21 reversal would likely require resentencing.  *See* Prev. Order 4.  Upon resentencing in this case, if
22 the court previously improperly applied the vulnerable victim enhancement under USSG
23 3A1.1(b), Bernot's offense level will be reduced by two levels and his guidelines range
24 correspondingly lowered.  If Bernot did not target vulnerable victims as defined by the guidelines,

---

(same); *United States v. McKany*, No. 13-668, 2014 WL 5858587, at *2 (S.D. Cal. Nov. 12, 2014) (same); *United States v. Swenson*, No. 13-00091, 2014 WL 5222438, at *2 (D. Idaho Oct. 14, 2014) (same); *United States v. Haischer*, No. 11-00267, 2013 WL 2949588, at *1 (D. Nev. June 13, 2013) (same); *United States v. Nero*, No. 08-744, 2012 WL 3264530, at *2 (D. Ariz. Aug. 9, 2012) (same).

1  that consideration also is likely to affect the court's consideration of the nature and seriousness of
2  the offense under the first two section 3553 factors.  *See, e.g., United States v. Matthews*, 178
3  F.3d 880, 885 (9th Cir. 2002) (record on resentencing generally is open, without limitations on
4  what can be considered); 18 U.S.C. § 3553(a)(1), (2).  In conducting its unwarranted disparity
5  analysis, as in sentencing all the defendants in this case, the court will take account of the
6  guidelines calculations as well as all of the 3553 factors in comparing and contrasting the
7  individualized aggravating and mitigating aspects of Bernot's case.
8        On reconsideration, defendant has met his burden of showing he raises a
9  substantial question of law or fact likely to result in reversal or a sentence below the expected
10 duration of the appeal process. Because the court does not rely on subsection (B)(iv) alone, it
11 need not reach the government's second argument.
12       IT IS SO ORDERED.
13 DATED:  May 20, 2015.

_____
UNITED STATES DISTRICT JUDGE